UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROLLIE O. LOVETTE,**

    Petitioner,

v.

**SECRETARY OF THE DEPARTMENT OF CORRECTIONS, ATTORNEY GENERAL OF THE STATE OF FLORIDA,**

    Respondents.

Case No.: 6:06-cv-1484-Orl-19UAM

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1, filed Sept. 27, 2006). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 15, filed May 8, 2007).[1] Petitioner filed a reply to the response (Doc. No. 19, filed June 18, 2007). Petitioner alleges six grounds of ineffective assistance of counsel in his petition. (Doc. No. 1).

---

[1] Respondents filed an initial response with supporting documents on March 16, 2007. (Doc. No. 12). However, this Response failed to include the full procedural history of the case. (*Id.*; Doc. No. 13). The United States Magistrate Judge ordered Respondents to file an Amended Response which set forth the full procedural history of the case. (Doc. No. 13). Respondents filed their Amended Response on May 8, 2007. (Doc. No. 15). Although Respondents referenced the supporting documents filed with their initial response, they failed to include new copies of such documents. (*See id.*; Doc. No. 17). The Court will consider the supplemental documents filed with Respondents' initial response in deciding the instant case.

**Procedural History**

Petitioner was found guilty of Burglary of a Structure in the State of Florida's Ninth Judicial Circuit Court on October 2, 2001.  (Doc. No. 12-2, p. 7).  Petitioner was sentenced on November 8, 2001.  (*Id.* at pp. 22-23).  Petitioner failed to appeal his conviction and contends that his attorney improperly failed to file the notice of appeal.  (*See* Doc. No. 19, p. 1).

Petitioner filed a Petition for Habeas Corpus seeking a belated appeal in the Fifth District Court of Appeals on March 17, 2003, alleging ineffective assistance of counsel because his attorney failed to file a notice of appeal for his conviction.[2]  (Doc. No. 12-2, pp. 30-38).  Petitioner's request for a belated appeal was granted.  (Doc. No. 17, Ex. G).[3]  Petitioner's only contention on direct appeal was that the trial court erred in failing to grant his motion for a judgment of acquittal.  (Doc. No 17, Ex. H).  The Fifth District Court of Appeals affirmed the conviction *per curiam* on May 25, 2004.  (Doc. No. 17, Ex. J).

On July 26, 2004, Petitioner a filed Motion for Post-Conviction Relief.  (Doc. No. 17, Ex. K).  Petitioner's Motion was denied by the Circuit Court for the Ninth Judicial Circuit on January 20, 2006.  (Doc. No. 17, Ex. L).  Petitioner appealed to Fifth District Court of Appeals on March 15, 2006.  (Doc. No. 17, Ex. M).  The Fifth District Court of Appeals denied Petitioner's request

---

[2]   March 17, 2003 is the filing date under the "mailbox rule."  *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").  All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

[3]   Respondents' Supplemental Appendix was not filed electronically and will be cited according to Respondents' exhibit numbers.  (Doc. No. 17).

without prejudice and instructed him to file a petition for belated appeal pursuant to Florida Rule of Rule of Appellate Procedure 9.141(c). (Doc. No. 17, Ex. N). Petitioner filed a Petition for a Belated Appeal which was denied. (Doc. No. 17, Exs. O, P).

On July 29, 2004, Petitioner filed a Motion to Correct an Illegal Sentence in the Ninth Judicial Circuit which was denied on April 28, 2005. (Doc. No. 17, Exs. Q, R). The Fifth District Court of Appeals affirmed the decision. (Doc. No. 17, Ex. S).

## Analysis

**I.   Petitioner's Habeas Corpus Petition is Untimely**

Title 28 U.S.C. Section 2244(d) provides:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

3

Pursuant to Section 2244(d)(1)(A), Petitioner had one year, absent any tolling, from the date his conviction became final to file his federal habeas corpus petition. Petitioner's state court judgment is dated October 2, 2001. (Doc. No. 12-2, pp. 14-15). Petitioner was sentenced on November 8, 2001. (*Id.* at pp. 22-23). He then had thirty days to file a direct appeal. *See* Fla. R. App. P. 9.140(b)(3). Since Petitioner did not file a direct appeal, his conviction became final on December 8, 2001, thirty days after the written sentence was rendered. Thus, Petitioner had through December 7, 2002, absent any tolling, to file his federal petition for habeas corpus pursuant to 28 U.S.C. Section 2254. However, the instant proceeding was not filed until September of 2006. (Doc. No. 1).

## II.     The Statute of Limitations Was Not Tolled Until Petitioner's Belated Appeal

Under Section 2244(d)(2), the one year statute of limitation is tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings. The tolling provision includes the time period between the lower court's adverse determination and a petitioner's properly filed notice of appeal. *Evans v. Chavis*, 546 U.S. 189, 191 (2006). However, tolling does not apply to the time between Petitioner's conviction and the belated appeal because Petitioner's 2003 belated appeal was not properly filed under state law. Under Florida law, a belated appeal is merely a vehicle to "challenge[] events that occur after the final order is rendered." *Jones v. State*, 922 So. 2d 1088, 1090 (Fla. 4th DCA 2006). Thus, a petition for belated appeal is collateral to the underlying case and does not affect the finality of a state court judgment. *Id.* at 1089-90. An untimely state petition for collateral review does not toll the statute of limitations for seeking habeas corpus. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (holding that an untimely state postconviction proceeding is not "properly filed" within the meaning of § 2244(d)(2)); *Webster v. Moore*, 199 F.3d 1256, 1258-

59 (11th Cir. 2000), *cert. denied*, 531 U.S. 991 (2000).  Thus, the time period for filing a request for federal habeas corpus relief expired on December 7, 2002, over three months before any of Petitioner's post-conviction motions were filed in state court.

### III.   Equitable Tolling Does Not Apply

Petitioner also claims that the one year period should be subject to equitable tolling because he started pursing his rights diligently as soon as he realized that his attorney failed to file his initial appeal.  (Doc. No. 19, p. 3).  Petitioner contends that his attorney told him that a notice of appeal was filed at the time of sentencing.  (Doc. No. 12-2, p. 32).  Only after Petitioner failed to receive any correspondence from the court or his attorney for eight months, did he inquire with the prison law clerk as to when his appeal would be decided.  (*Id.*)  Petitioner claims that the prison law clerk told him that eight months was not a long time and that he might have to wait two years for a decision (*Id.*)  There is no evidence that Petitioner attempted to contact his lawyer or the court either before or after he spoke to the prison law clerk.  Rather, Petitioner waited an additional six months without receiving any correspondence from his attorney or the court before he sought the assistance of the prison law clerk.  (*Id.* at pp. 32-33).  Only after fourteen months of waiting did Petitioner discover that his appeal was never filed.  (*Id.*)

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Equitable tolling is extremely rare and only applies when a petitioner can prove diligence and extraordinary circumstances that are beyond his control and unavoidable even with diligence.  *Drew v. Dep't of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002), *cert. denied,* 537 U.S. 123 (2003) (citations omitted).  This Court must "take

seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Calderon v. United States District Court*, 128 F.3d 1283, 1288-89 (9th Cir. 1997), *vacated on other grounds*, 163 F. 3d 530 (9th Cir. 1998).

Petitioner's failure to introduce evidence showing that he inquired with the court or his attorney as to the status of the initial appeal prevents finding due diligence. *Drew*, 297 F.3d at 1287-88; *see also Ilarion v. Crosby*, 179 Fed. Appx. 653, 654-55 (11th Cir. 2006). In *Drew*, the Petitioner's timely federal habeas petition was dismissed without prejudice so that he could file for relief in state court. *Drew*, 297 F. 3d at 1287. The Petitioner waited over a year before filing a subsequent petition in state court. *Id.* Petitioner contended that this delay was due to the fact that he did not receive a copy of the district court's order until almost one year after it was filed. *Id.* After his state petition was denied, Petitioner filed a federal petition for habeas corpus. *Id.* The time period for filing a federal petition for habeas corpus had already expired before he sought relief in federal court. *Id.* The only evidence of diligence in the record was one letter Petitioner sent to the federal district court to inquire as to the status of his petition sixteen months after it was filed. *Id.* at 1288. The Eleventh Circuit reasoned that Petitioner's failure to produce any evidence showing that he repeatedly attempted to inquire as to the status of his case precluded finding diligence. *Id.* at 1288-89. The Eleventh Circuit explicitly noted that petitioner's unsupported claim that he wrote letters to the court to inquire as to the status of his case was insufficient and suggested that Petitioner should have "call[ed] the Clerk's office by telephone or [sought] help from people with the ability to go to the court personally." *Id*. at 1289. Therefore, the Eleventh Circuit held that "[i]n the absence of any showing of his own diligence, [petitioner] cannot be entitled to the rare and extraordinary remedy of equitable tolling." *Id.*; *cf. Bell v. Sec'y, Dep't of Corr.*, No. 07-10184, 2007

6

WL 2614133, *3 (11th Cir. 2007) (prisoner did not show diligence because there was no evidence that prisoner attempted to access the prison library or determine the applicable limitations period until after it expired).

In the instant case, the only evidence of diligence is Petitioner's claim that he visited the prison law library two times in the fourteen months after he requested that his attorney file an appeal. (Doc. No. 12-2, pp. 32-33). Without evidence that Petitioner made frequent inquiries as to the status of his case or attempted to contact the court or his attorney about its status, there is no basis for finding diligence. Therefore, equitable tolling does not apply, and Petitioner's claim is time-barred.

## Conclusion

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE** for failure to file within the one year statute of limitations.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, December 19, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Rollie O. Lovette

Counsel of Record